IN UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT COURT OF NORTH CAROLINA
CHARLOTTE DIVISION

Regina Boston,

    Plaintiff,

Case #:315- CV- 624

Capital One Auto Finance, Inc.,

    Defendant.

FILED
CHARLOTTE, NC

DEC 21 2015

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

## COMPLAINT

For this Complaint, the Plaintiff, Regina Boston, hereby sues DEFENDANT, Capital One Auto Finance for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") 47 U.S.C. § 227(b)(1), 47 U.S.C. § 227(a)(iii) and North Carolina Debt Collection Act, ('NCDCA"), N.C. Gen. Stat. § 58-70, *et seq.*,

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Regina Boston is a natural person who resides in Charlotte, North Carolina and a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant Capital One Auto Finance, Inc. ("Capital"), is a business entity with an address of 1680 Capital One Drive, McLean, Virginia 22102, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

6. Within the last year, Capital placed calls to Plaintiff's cellular telephone.

7. On November 28, 2014 at 12:01 p.m. Capital began placing calls to Plaintiff's wireless phone number, 704-606-2642 from **1-800-946-0332** and from **972-378-3660** using ATDS capable equipment without Plaintiff's prior express consent.

8. On December 8, 2014 Defendant placed as many as four calls, from 8:23 a.m. to 6:24 p.m. to Plaintiff's cellular telephone.

9. On December 9, 2014 Plaintiff placed a call to Capital requesting it to cease all calls to her.

10. Capital's conduct was harassing and unreasonable as the calls would interrupt Plaintiff during times when Plaintiff was working.

11. At all times mentioned herein, Capital called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice in an attempt to collect a debt incurred by Plaintiff.

12. When Plaintiff answered the calls from Capital, she would hear a pre-recorded message which requested that Plaintiff call Capital back.

13. In December 2014, Plaintiff placed a call back to Capital and requested that Capital cease all calls to Plaintiff's cellular telephone.

14. Regardless of the Plaintiff's request, Capital placed eleven additional subsequent calls to Plaintiff's cellular telephone from December 9, 2014 to December 18, 2014.

15. Regardless of the Plaintiff's request, Capital called Plaintiff again on July 28, 2015 in which Plaintiff again requested Capital to cease all calls.

16. Upon information and belief, Plaintiff never provided her consent to Capital to be contacted on her cellular telephone.

17. Upon information and belief, the existence of more calls will be uncovered during the Discovery process.

18. If at one time Capital had obtained Plaintiff's express consent to place calls to her cellular telephone, it no longer had consent after Plaintiff requested that the calls cease.

19. Upon information and good-faith belief, the telephone calls that Plaintiff have identified were placed to Plaintiff's wireless phone number used an automatice telephone system ("ATDS") as defined by the Federal Communicatins Commission.

20. Upon information and belief, Defendant placed the calls to Plaintiff upon its own free will.

21. Upon information and belief, Defendant had knowledge that it was using ATDS to place each call to Plaintiff's wireless number.

22. Upon information and belief, Defendant intended to use an ATDS to place each of the telephone calls.

23. Upon information and belief, Defendant maintains business records that demonstrate the calls placed to Plaintiff's wireless number.

24. This complaint is brought with the statute of limitations pursuant to 47 U.S.C. § 227.

25. Defendant's violations incurred during the time when Capital One Financial Corp. and Capital One Bank (USA) NA, Case No. 12-cv-00244 RSL (W.D. Wash.) ("Amadeck Action") were in a class action litigation for violations of the Telephone Consumer Protection Act.

26. At the times that all of the above identified calls were received on her wireless phone Plaintiff was the subscriber to the called number, was the sole person having custody of said phone and pays for the airtime for the called phone number.

27. On August 16, 2015 Plaintiff sent a Notice of Intent to Litigate to the Defendant which was received by it on August 17, 2015 in an effort to mitigate damages and settle all

claims prior to litigate. Plaintiff attempted to engage in negotiations for settlement with counsel for Defendant to no avail.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227(b)(1)(A)(iii)

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Notice of Intent to Litigate At all times mentioned herein and within the last year, Capital called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

30. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call..."*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

31. Capital's telephone systems have all the earmarks of a predictive dialer. Often times when Plaintiff answered the phone, she would hear a pre-recorded message.

32. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

33.     Plaintiff did not provide and/or revoked her consent to be contacted on her cellular telephone, and in fact instructed Capital on multiple occasions to stop all calls to her and cease calling her cellular telephone.

34.     Capital has called Plaintiff's cellular phone a **total of 23 times**, which appears to be 23 known **separate violations** of 47 U.S.C. § 227(b)(1)(A).

35.     Capital continued to place automated calls to Plaintiff's cellular telephone after knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

36.     The telephone number called by Capital was assigned to a cellular telephone service for which Plaintiff incurred charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

37.     The calls from Capital to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

38.     Each of the aforementioned calls made by Capital constitutes a violation of the TCPA.

39.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

40.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff are entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

<u>COUNT II</u>
<u>VIOLATIONS OF NORTH CAROLINA DEBT COLLECTION ACT</u>
<u>HARASSMENT BY CAPITAL ONE AUTO FINANCE, INC.</u>
**N.C. Gen. Stat. § 58-70, et seq.**

41.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**42.** Plaintiff is a "consumer" and a "person" as the terms are defined by N.C. Gen.Stat. § 58-70-6(4).

**43.** Plaintiff is a consumer within the meaning of the N.C.G.S § 58-70-6(4).

**44.** The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15(a), and is not duly licensed collect debt in the state of North Carolina.

**45.** The Defendant caused a telephone to ring with such frequency as to be unreasonable or to constitute harassment to the Plaintiff under the circumstances, in violation of N.C. Gen.Stat. § 58-70-100(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be awarded in her favor and against the Defendant as follows:

1. Awarding Plaintiff statutory damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(B)(C) of $500.00 for the first call and $1,500 for each call thereafter made to Plaintiff's wireless phone as knowing and/or willful violations;

2. Awarding Plaintiff any fees and costs incurred in this action,

3. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

4. Adjudging that DEFENDANT violated the TCPA 47 U.S.C. § 227 and NCDCA §58-70;

5. Awarding Plaintiff statutory damages, pursuant to N.C.G.S. § 58-70-130b) in the amount of $4,000 per violation;

6. Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 18, 2015

Respectfully submitted,

*/s/ Regina Boston*
Regina Boston
3206 Floral Grove Lane
Apt. #202
Charlotte, NC 28216

Complaint for Violations of the NCDCA & TCPA Page 6 of 6